## UNITED STATES v. ONE DIAMOND AND PLATINUM BROOCH.

### Civ. No. 3180.

United States District Court
N. D. New York.

Oct. 3, 1949.

---

Irving J. Higbee, U. S. Atty. in and for the Northern District of New York, Syracuse, N. Y. Robert J. Leamy, Asst. U. S. Atty., of counsel, Oneonta, N. Y., for plaintiff.

Benjamin A. Levett, New York City, for Freida Barbous.

FOLEY District Judge.

This is a forfeiture procedure by the government directed against one diamond and platinum brooch and by the libel based

upon the stated provisions of Title 19 U.S. C.A. § 1497. The action was tried before the court and there is little dispute as to facts presented by the testimony.

Two United States Customs agents testified for the libelant and the sole witness for the defense was Mrs. Freida A. Basbous, the sister of the claimant David Emjen. Mrs. Basbous is the person mainly involved in the controversy who, according to her testimony, wore the brooch in question "in plain sight" on her person. The history of the brooch by her testimony is to the effect that it belonged to her mother, who gave it to her brother, David Emjen, and she emphasized on cross-examination that her brother was the lawful owner of this particular jewelry.

In reference to the reason why she wore the brooch and carried it into the country instead of her brother, she stated on direct examination: "Before my father and brother came, I thought they were men and I better wear it. You know a woman likes to wear things. I thought men, it wouldn't be very good for them to bring it along. But I didn't mean anything, to bring it in.", and then on cross-examination: "Q. * * So it was on that occasion that I believe you testified you, in substance you said that men should not bring the brooch and so that you decided to bring the brooch with you. Am I correct? A. Yes. Because I said men could not wear it so I am a woman and I could wear it and thought I would bring it with me."

I highlight this testimony because in answer to the libel sworn to as true by the claimant, David Emjen, it is alleged in the affirmative defense therein set forth, "that, at that time (when they arrived at Beirut), the said diamond and platinum brooch was contained in the baggage of Mrs. Basbous and that, in the confusion incident to the separation of the four parties, she inadvertently neglected to turn the brooch over to its owner David Emjen, the claimant herein." With this terrible variance, in weighing the testimony of Mrs. Basbous, it seems reasonable to state that by her testimony alone as to credibility, an atmosphere of subterfuge and evasion is created which does little to assist the claimant in carrying the burden of proof placed upon him by Title 19, U.S.C.A. § 1615.

The argument of the attorney for the claimant seems to be based solely upon the fact that on the government form "Baggage Declaration and Entry" (Government's exhibit No. 1), Mrs. Basbous listed the words "personal effects." It is his reasoning that these words were a sufficient declaration in writing by her as to the jewelry and that it was the duty of the custom inspectors to make further inquiry. It seems to be his conclusion that such declaration legally covered the brooch and the question of ownership by another is entirely irrelevant and immaterial to the issue.

The declaration was read and signed by Mrs. Basbous and in bold, underlined print directly above her signature she fully declares "all articles that are intended directly or indirectly for sale or for the use of any other person." With this statement before her it seems an affront to common sense to maintain that the words "personal effects" would place a customs inspector upon inquiry to jewelry belonging to another. "Personal effects" may be construed to cover "personal jewelry" but it is tortuous logic to strain it to mean "personal jewelry of another."

It is my judgment that the Customs Regulation 10:20(2), promulgated by the Secretary of the Treasury pursuant to Title 19 U.S.C.A. § 1498, compelled written declaration of the "One Diamond and Platinum Brooch" and that there was not a substantial, honest compliance by the declaration herein. Title 19 U.S.C.A. § 1201, par. 1798.

It is my finding that Freida Basbous was a non-resident, that the brooch belonged to her brother, that the description "personal effects" was not a true compliance with the statute and regulations, and my conclusion is that the proof of the libelant is in conformance with the libel which is substantial in alleging the violation of Title 19 U.S.C.A. § 1497, that the claimant has not sustained the burden of proof imposed by law, and that the libelant may have a judgment of forfeiture and the incidental relief thereto. The motion of the claimant for dismissal at the end of the entire case must accordingly be denied.